# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 16-3060

———————————————

Thomas J. Litterer; Mary L. Litterer

*Plaintiffs - Appellants*,

v.

Rushmore Loan Management Services, LLC, as Servicing Agent for U.S. Bank
National Association as Legal Title Trust for Truman 2012 SC Title Trust; U.S.
Bank National Association, as Legal Title Trust for Truman 2012 SC Title Trust

*Defendants - Appellees*.

———————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

———————

Submitted: March 9, 2017
Filed: July 12, 2018

———————

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

———————

COLLOTON, Circuit Judge.

This appeal arises from a foreclosure on the home of Thomas and Mary Litterer in Burnsville, Minnesota. The home was sold at a sheriff's sale to U.S. Bank, the mortgage owner, in November 2014. The redemption period—that is, the period during which the Litterers could pay off their debt and "redeem" their

property—expired on March 1, 2015. On March 2, the Litterers sued their loan servicer, Rushmore Loan Management Services, in Minnesota state court for breach of contract, unjust enrichment, and injunctive relief. On May 6, 2015, the Litterers filed a *lis pendens*—a notice in the property's chain of title that the property is the subject of ongoing litigation.

Rushmore removed the suit to federal district court, where the Litterers amended their complaint to add a claim that Rushmore violated the Minnesota statutory requirements for handling foreclosures. *See* Minn. Stat. § 582.043. They also added U.S. Bank as a party. In federal court, the Litterers pursued only their claim under § 582.043 and abandoned the others.

Minn. Stat. § 582.043, subdiv. 7(a) gives mortgagors like the Litterers a cause of action to set aside a foreclosure sale if the loan servicer violated the section's substantive provisions. Section 582.043, subdiv. 7(b), however, requires a mortgagor bringing an action under subdivision 7(a) to file a *lis pendens* within the mortgagor's redemption period. "The failure to record the lis pendens creates a conclusive presumption that the servicer has complied with this section." § 582.043, subdiv. 7(b). Because the Litterers filed the *lis pendens* two months after their redemption period expired, normal operation of § 582.043, subdiv. 7(b) would create the conclusive presumption that Rushmore complied with the statute and thereby bar any relief to the Litterers.

Minnesota Rule of Civil Procedure 6.02, however, authorizes courts in their discretion to extend a deadline in certain circumstances. As relevant here, Rule 6.02 provides: "When by statute . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." If Rule 6.02 may be used to extend the deadline in § 582.043, subdiv. 7(b), then the Litterers' failure to file the *lis pendens*

within the redemption period does not necessarily trigger the provision's conclusive presumption, and the Litterers may still have a viable claim for relief.

Rushmore and U.S. Bank moved for summary judgment in part on the ground that the Litterers did not file the *lis pendens* within the redemption period as required by § 582.043, subdiv. 7(b). In response, the Litterers conceded that they were late in filing the *lis pendens* but urged that the court should extend the filing deadline for "excusable neglect" under Minnesota Rule of Civil Procedure 6.02. Applying Minnesota law, the district court[1] concluded that Rule 6.02 may not be used to extend the *lis pendens* deadline, and therefore granted summary judgment in favor of Rushmore and U.S. Bank.

The Litterers appeal and argue that the district court erred by concluding that it could not employ Rule 6.02 to extend the *lis pendens* deadline. Because the Litterers' claim turns on the application of Rule 6.02, we certified the following question to the Minnesota Supreme Court: "May the *lis pendens* deadline contained in Minn. Stat. Sec. 582.043, subd. 7(b) be extended upon a showing of excusable neglect pursuant to Minn. R. Civ. P. 6.02?"

The Minnesota Supreme Court accepted the certified question and issued an opinion answering the question in the negative. *Litterer v. Rushmore Loan Mgmt. Servs., LLC*, 905 N.W.2d 623, 624 (Minn. 2018). The court explained that Minnesota's Rules of Civil Procedure cannot modify substantive law, *id.* at 626, and determined that "extending the deadline in Minn. Stat. § 582.043, subd. 7(b), would alter the substantive rights of the litigants." *Id.* at 628. As a result, the court concluded that "Rule 6.02 may not be used to extend this deadline." *Id.*

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

The Minnesota Supreme Court's decision resolves this appeal. There is no dispute that the Litterers failed to file the *lis pendens* within their redemption period as required by § 582.043, subdiv. 7(b). Because Rule 6.02 may not be used to extend the deadline, subdivision 7(b) required the district court to apply the conclusive presumption that Rushmore complied with the requirements of § 582.043. The district court therefore correctly determined as a matter of law that the Litterers were not entitled to relief on their claim under § 582.043.

The judgment of the district court is affirmed.

_____

-4-